UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| TRACY LYNNMARIE LOWER, | : | |
| | : | |
| | : | CASE NO. 1:19-cv-2071 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION AND ORDER |
| | : | [Resolving Docs. 19, 21] |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINSITRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 9, 2019, Plaintiff Tracy Lower, proceeding *in forma pauperis*, filed a complaint seeking judicial review of Defendant Commissioner of Social Security's decision to deny her social security disability benefits and supplemental security income applications.[1] On August 17, 2020, Magistrate Judge James R. Knepp II recommended that the Court reverse the Commissioner's final decision.[2] On September 1, 2020, after the Commissioner failed to object within the allotted time, this Court adopted the R&R in its entirety and entered judgment for Plaintiff.[3] The Commissioner did not appeal.

On November 30, 2020, Plaintiff Lower filed a motion under the Equal Access to Justice Act, 28 U.S.C. § 2412, requesting $5,933.14 in combined paralegal and attorney fees

---

[1] Doc. 1.
[2] Doc. 16.
[3] Doc. 17; Doc. 18.

from the United States.[4] On December 10, 2020, the parties then filed a joint stipulation to award the Plaintiff $5,500 in combined fees.[5]

The Equal Access to Justice Act requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[6] Here, the parties agree that Plaintiff Lower is the prevailing party, that the government's litigation position was not substantially justified, and that no special circumstances would render an attorney fee award unjust.[7]

The Equal Access to Justice Act therefore authorizes a fee and cost award for Plaintiff. This Court, however, may not rubber stamp the parties' agreed-upon $5,500 award.[8] Instead, the Court must determine whether the award is reasonable based on Plaintiff's attorneys' "time expended and the attorneys' hourly rate."[9]

"Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from 30 to 40."[10]

As for pay rate, the Act provides that the Court may not award more than $125 per hour unless "the court determines that an increase in the cost of living . . . justifies a higher fee."[11] If a plaintiff seeks attorney fees greater than $125 per hour, the plaintiff "must produce

---

[4] Doc. 19; Doc. 20.
[5] Doc. 21.
[6] 28 U.S.C. § 2412(d)(1)(A).
[7] Doc. 21.
[8] *Weiss v. Saul*, 1:19-cv-2633, 2021 WL 1721439, *1 (N.D. Ohio Apr. 30, 2021).
[9] *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing 28 U.S.C. § 2412(d)(1)(A)–(B) (alterations omitted)).
[10] *Hawk v. Astrue*, 4:11-cv-196, 2013 WL 139799, at *1 (N.D. Ohio Jan. 10, 2013) (citing *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990)).
[11] *Id.* (citing 28 U.S.C. § 2412(d)(2)(A)(ii)).

satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[12]

Plaintiff's original costs and fees motion requested compensation for 33.5 hours of labor, 26.5 hours for attorneys Wicklund and Flemming,[13] and 7 hours between several different paralegals.[14] Paralegal work is compensable under the Equal Access to Justice Act so long as it is "sufficiently complex" or "work traditionally performed by attorneys."[15]

Here, the Court finds that only 5.6 hours of the paralegal time meet this standard, excluding 1.4 hours spent compiling the case transcript, as it is a "purely clerical or secretarial task[]" that should not be billed under fee shifting statutes.[16]

Plaintiff requested $202.76 per hour of attorney time and $80 per hour of paralegal time, for a total of $5,933.14.[17] The parties then jointly stipulated to a $5,500 award for the Plaintiff. The Court finds that $80 is a reasonable hourly paralegal fee under the Equal Access to Justice Act in light of several past decisions in this district.[18] The Court accordingly awards Plaintiffs $448 for paralegal fees, for 5.6 hours of work at $80 per hour.

---

[12] *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (citation omitted).

[13] Doc. 20-7.

[14] Doc. 20-8.

[15] *Snyder v. Comm'r of Soc. Sec.*, No. 1:06-cv-2737, 2011 WL 664458, at *2 (N.D. Ohio Jan 10. 2011) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1315 (7th Cir. 1996)).

[16] *Clagg v. Comm'r of Soc. Sec.*, 1:17-cv-194, 2018 WL 2009643, at *2 (N.D. Ohio Apr. 29, 2018) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274 n.10 (1989)).

[17] Doc. 20 at 3.

[18] *Jordan v. Comm'r of Soc. Sec.*, No. 17-cv-33, 2017 WL 6451887, at *3 (N.D. Ohio Dec. 18, 2017) (collecting cases).

That leaves $5,052 for 26.5 hours of attorney time, a rate of $190.64 per hour. The Court finds this rate reasonable as well, based on past decisions in this district that have analyzed the same market rate and consumer price index evidence Plaintiff has submitted in this case.[19]

Accordingly, the Court **GRANTS** Plaintiff's attorney fee motion and **APPROVES** the parties' joint stipulated $5,500 award. The Court, however, **DENIES** Plaintiff's request for an order making the fee award payable to Plaintiff's attorney.

Under Sixth Circuit precent, the fee award belongs to Plaintiff—not Plaintiff's attorney—and it can be used to satisfy any pre-existing debt Plaintiff owes to the United States. While Plaintiff may assign any remaining fee award to her attorney, it is the Commissioner, rather than the Court, who has ultimate "discretion either to honor or not to honor the assignment."[20]

IT IS SO ORDERED.

Dated: June 22, 2021              s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[19] *Id.* (citing *The Economics of Law Practice in Ohio in 2013: A Desktop Reference*) (collecting cases and approving a $187-per-hour rate); *Clagg*, 2018 WL 2009643, at *2 (approving a $190-per-hour attorney rate).
[20] *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 935 (6th Cir. 2017).